UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MCLAREN HEALTH CARE CORPORATION, | ) ) ) ) |
| *Plaintiff*, | ) Case No. 2:21-cv-12598-TGB-CI ) |
| v. | ) Hon. Terrence G. Berg ) |
| GARTNER, INC., | ) **ORAL ARGUMENT REQUESTED** ) |
| *Defendant*. | ) ) |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT GARTNER, INC.'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Dated: February 11, 2022

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Leonid Feller, P.C. (P73639)
Bevin Brennan
191 N. Wacker Dr., Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
leonidfeller@quinnemanuel.com
bevinbrennan@quinnemanuel.com

Derek L. Shaffer
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
derekshaffer@quinnemanuel.com

*Counsel for Defendant Gartner, Inc.*

**TABLE OF CONTENTS**

|      |      | | Page |
|------|------|--|------|
| I.   | THERE IS NO BREACH OF CONTRACT (COUNTS ONE-THREE). | | 1 |
|      | A.   | Count One Does Not State a Valid Claim for Indemnification. | 1 |
|      |      | 1. McLaren Cannot State a Contract-Based Claim for Negligence. | 1 |
|      |      | 2. The Alleged Negligence Claim Cannot Trigger Indemnification | 1 |
|      |      | 3. The Indemnification Term Applies Only to Third-Party Claims | 2 |
|      |      | 4. There is No Ambiguity in the Indemnity Provision | 3 |
|      | B.   | Count Two Does Not State A Valid Claim For Breach Of Warranty. | 4 |
|      |      | 1. No Operative Warranty Allegedly Was Breached. | 4 |
|      |      | 2. McLaren Failed to Comply with the Contractual Notice Provisions. | 4 |
|      |      | 3. McLaren Did Not Suffer Any Cognizable Damages. | 5 |
|      | C.   | Count Three Does Not State a Valid Claim for Attorneys' Fees. | 6 |
| II.  | MCLAREN'S NON-CONTRACT CLAIMS ARE BARRED (COUNTS FOUR-SIX). | | 6 |
|      | A.   | Promissory Estoppel Cannot Lie Alongside A Valid Contract (Count Four). | 6 |
|      | B.   | Negligent Performance of Contract Is Not Valid in Michigan (Count Five). | 6 |
|      | C.   | McLaren Lacks a Valid Claim for Negligent Misrepresentation (Count Six). | 6 |
| III. | MCLAREN CANNOT RECOVER MORE THAN THE FEES IT PAID. | | 7 |
| CONCLUSION | | | 7 |

# TABLE OF AUTHORITIES

**Page**

### Cases

*Advanced Plastics Corp. v. White Consolidated Indus., Inc.*,
  828 F. Supp. 484 (E.D. Mich. 1993) .................................................................... 6

*Authorized Integrators Network, LLC v. Wirepath Home Systems, LLC*,
  No. 13-10414, 2013 WL 3179505 (E.D. Mich. June 20, 2013) ........................ 2-3

*Botsford v. Bank of Am., N.A.*,
  No. 13-13379, 2014 WL 4897529 (E.D. Mich. Sept. 30, 2014) ........................... 6

*Cates v. Crystal Clear Techs., LLC*,
  874 F.3d 520 (6th Cir. 2017) ................................................................................ 4

*Dybowski v. VCE Co. LLC*,
  654 Fed. App'x 210, 214 (6th Cir. 2016) ............................................................. 2

*Encore Big Beaver LLC v. Uncle Julio's of Florida, Inc.*,
  No. 20-CV-12345, 2021 WL 5413888 (E.D. Mich. Oct. 27, 2021) ..................... 7

*Hayes v. General Motors Corp.*,
  106 Mich. App. 188, 308 N.W.2d 452 (1981) ..................................................... 4

*In re Am. Cas. Co.*,
  851 F.2d 794 (6th Cir. 1988) ................................................................................ 6

*IPS Contracting, Inc. v. Rivian Automotive, LLC*,
  No. 21-10983, 2021 WL 4942758 (E.D. Mich. Oct. 22, 2021) ............................ 6

*JN Contemporary Art v. Phillips Auctioneers*,
  507 F. Supp. 3d 490 (S.D.N.Y. 2020) .................................................................. 2

*RPM Freight Sys., LLC v. K1 Express, Inc.*,
  No. 21-11964, 2022 WL 125533 (E.D. Mich. Jan. 12, 2022) .............................. 6

*Skinner v. D-M-E Corp.*,
  124 Mich. App. 580, 335 N.W.2d 90 (1982) .................................................... 3-4

*Smith v. Bank of America Corp.*,
  435 Fed. App'x 749 (6th Cir. 2012) ..................................................................... 7

*Stanley v. ExpressJet Airlines Inc.*,
  No. 16-cv-12884, 2017 WL 2462487 (E.D. Mich. June 7, 2017) ........................ 4

*Thiel v. Goyings*,
  504 Mich. 484, 939 N.W.2d 152 (2019) .............................................................. 2

*United States ex rel. Roycroft v. Geo Group, Inc.*,
  722 Fed. App'x 404 (6th Cir. 2018) ..................................................................... 7

*Warren Prescriptions, Inc. v. Walgreen Co.*,
  No. 17-10520, 2017 WL 3334053 (E.D. Mich. Aug. 4, 2017) ......................... 2-3

McLaren's opposition (and declination of this Court's invitation to amend, Dkt. No. 7 (PageID.165-166)) confirms that its claims are all due to be dismissed with prejudice because they defy controlling terms of the parties' Master Consulting Services Agreement ("MCSA").

I. **THERE IS NO BREACH OF CONTRACT (COUNTS ONE-THREE).**

    A. **Count One Does Not State a Valid Claim for Indemnification.**

        1. **McLaren Cannot State a Contract-Based Claim for Negligence.**

A claim for indemnity under the MCSA can arise only from (i) intellectual property rights; (ii) confidentiality obligations; and (iii) negligence or willful misconduct. (Mem. Ex. A, MCSA § 10 (PageID.57).) McLaren acknowledges that its indemnity claim rests on a "negligence" theory. (Opp. at 9 (PageID.190).)[1] But Gartner has cited a parade of authorities establishing that "negligence" is legally inapposite for parties, like these, whose relationship is a creature of contract. (*See* Mem. at 12 (PageID.39).)[2] McLaren has identified no duty outside the MCSA that could ground a negligence claim so as to trigger a viable claim for indemnity. (Compl. ¶¶ 34-35 (PageID.7), pointing to "Gartner's negligent performance of the services under the MCSA.")

        2. **The Alleged Negligence Claim Cannot Trigger Indemnification.**

Even if McLaren could state *some* claim for negligence, the indemnity term does not cover *every* negligence claim: it is limited to "any injury, including death, or damages related to the negligence… ." (Mem. Ex. A, MSCA § 10 (PageID.57).) The word "any" must be read in the

---

[1] McLaren asserts some seven times—never once with citation—that Gartner "admitted" its "error" of allegedly failing to account for McLaren's contract management fees in its calculations. (Opp. at 1, 2, 3, 15, 24, 25 (PageID.182, 183, 184, 196, 205, 206).) But McLaren's assertion does not gain force from sheer repetition. Far from making any such "admission," Gartner simply recognizes that concrete factual allegations of the Complaint must be credited at the pleading stage.

[2] Unable to counter any of the Michigan authorities Gartner cites, McLaren maintains that it needs no actual negligence claim so long as its claim "stems from, or results from, or has a logical association with, any claim that is associated with, or connected to, Gartner's negligence." (Opp. at 10 (PageID.191).) But that is obviously no answer to black-letter Michigan law that substantively forecloses negligence (however spun) from having any existence in this context.

1

context of the surrounding terms, particularly the immediately-preceding limitation of liability, which excepts only "personal injury or death or [ ] damage to property caused by the negligence or willful misconduct of a party or its employees." (Mem. Ex. A, MSCA § 10 (PageID.57).) Read together, the reference to "injury, including death, or damages" in the indemnity term plainly refers to "***personal*** injury or death or damage ***to property***" in the limitation of liability term immediately above. (*Id*. (emphasis added).) *See Thiel v. Goyings*, 504 Mich. 484, 501, 939 N.W.2d 152 (2019).

No other reading makes sense. If McLaren's interpretation is credited, then the clear, core limitation becomes illusory. (Opp. at 12 (PageID.193); Mem. Ex. A, MCSA § 10 (PageID.57).) Not only could virtually any alleged contractual breach be formulated as either negligent or willful, but the words "including death, or damages" would be "superfluous or nugatory," contrary to basic tenets of contract interpretation. *Dybowski v. VCE Co. LLC*, 654 Fed. App'x 210, 214 (6th Cir. 2016). McLaren's reading would transform a commonplace, ***general limitation*** of liability provision, subject to ***limited, enumerated*** categories of indemnity, into a sweeping indemnification regime, subject to only the rarest of exceptions.[3] Its argument turns upside-down the plain language of the MCSA.

### 3. The Indemnification Term Applies Only to Third-Party Claims.

McLaren's indemnity claim fails for yet another reason: the indemnity term is limited to third-party claims. As a rule, "indemnification provisions do not generally cover contract disputes." *Warren Prescriptions, Inc. v. Walgreen Co.*, No. 17-10520, 2017 WL 3334053, at *4 (E.D. Mich. Aug. 4, 2017), *quoting Authorized Integrators Network, LLC v. Wirepath Home Systems, LLC*, No. 13-10414, 2013 WL 3179505 at *3 (E.D. Mich. June 20, 2013). "Parties are

---

[3] Although McLaren posits a COVID-driven staffing shortage as one that would be excluded (Opp. at 12 (PageID.193)), that too could spawn a claim for "negligent" staffing. At best, McLaren is transforming the *general* damages limitation into a *force majeure* carve-out. *See JN Contemporary Art v. Phillips Auctioneers*, 507 F. Supp. 3d 490, 501 (S.D.N.Y. 2020).

2

discouraged 'from using them as such if that was not the provision's intent.'" *Id*. While "parties are not prohibited 'from contracting for indemnification based on contract performance'" under Michigan law, such an anomalous result follows only "if such intent can be ascertained" from contract language that provides specifically "for indemnification liability ***beyond that arising from third-party claims***." *Id.* (emphasis added).

Tellingly, McLaren ignores how its reading renders nonsensical (Mem. at 14 (PageID.41)) the last sentence of the indemnification term, which requires McLaren to provide written notice to Gartner, cede control over any defense to Gartner, and cooperate with Gartner in responding to any indemnity claim. (Ex. A, MCSA § 10 (PageID.57).) Instead, McLaren stresses how Section 10 calls for indemnity "regardless of who or what party institutes the claim or proceeding" (Opp. at 2-6 (PageID.183-187)), once again ignoring the obvious applicability of that clause to ***third-party claims*** (for example, in the event an indemnified party seeks preliminary relief to enforce its intellectual property or confidentiality rights against a third-party). (Mem. at 5, n.2 (PageID.32).) The provision holds constant Gartner's indemnity obligation across ***different procedural contexts*** where McLaren might confront a ***third-party***. But that is different from transporting the indemnity obligation outside the third-party context, let alone spawning new substantive "negligence" claims hitherto unknown.

### 4. There is No Ambiguity in the Indemnity Provision.

As a last gasp, McLaren tries to salvage its indemnity claim by positing ambiguity. (Opp. at 13-14 (PageID.194-195).) But there is none. Beyond that, any ambiguity must be construed ***against McLaren*** under Michigan law, which requires that "the indemnitor's obligation to indemnify the indemnitee must be described clearly and unambiguously." *Skinner v. D-M-E Corp.*, 124 Mich. App. 580, 585, 335 N.W.2d 90 (1982); *see also Hayes v. General Motors Corp.*, 106 Mich. App. 188, 201-202, 308 N.W.2d 452 (1981).

### B. Count Two Does Not State A Valid Claim For Breach Of Warranty.

#### 1. No Operative Warranty Allegedly Was Breached.

In its attempt to avoid the plain language of the limited warranty, McLaren asserts that the MCSA included a limitless warranty that all "Services" will be performed in a "good and professional manner" without any connection or reference to what those services actually entail. (Opp. at 14-15 (PageID.195-196).) The MCSA expressly defines and limits Gartner's "Services" to those "*set forth in a Statement of Work* ('SOW')." (Mem. Ex. A, MCSA § 1 (emphasis added) (PageID.55).) Thus, the plain language of the MCSA forecloses McLaren's effort to expand Gartner's limited warranty beyond the SOWs that specified *what* Gartner was committing to provide. This Court should consider the SOWs and credit their actual requirements over any inconsistent allegations. *See Cates v. Crystal Clear Techs., LLC*, 874 F.3d 520, 536 (6th Cir. 2017); *Stanley v. ExpressJet Airlines Inc.*, No. 16-cv-12884, 2017 WL 2462487, at *3 (E.D. Mich. June 7, 2017). Gartner has demonstrated that the SOWs do not impose on Gartner the obligations that McLaren alleges were breached; to the contrary, those obligations belonged to McLaren alone. (Mem. at 5-7 and 14-16 (PageID.32-34 and 41-43).) Most importantly, no SOW obligated Gartner to evaluate Atos's last-minute proposal, nor does McLaren allege that it ever asked Gartner to do so. Notably, McLaren's alleged damages all flow from its rejection of Atos's proposal— ***something undisputedly outside the scope of Gartner's remit***. Gartner did not warranty something that it never even contracted to do.

#### 2. McLaren Failed to Comply with the Contractual Notice Provisions.

McLaren acknowledges that the MCSA required it to provide notice of any non-acceptance of "Deliverables" to Gartner within 15 days of receiving the Deliverables. (Opp. at 18-19 (PageID.199-200).) This review period was McLaren's opportunity to review and address any deficiencies in the data it alleges to have existed in the Deliverables, data that originated from

4

within its own organization. To self-excuse its confessed notice failure, McLaren invents a distinction between the "Services" provided under the MCSA and the "Deliverables" McLaren received under the SOWs. (Opp. at 14-15 and 18-19 (PageID.195-196 and 199-200).) But the two are one and same: Gartner's "Services" were provided to McLaren in the form of written "Deliverables." (Mem. Ex. A, MCSA § 1 (PageID.55).) And those written "Deliverables" are what McLaren now alleges to have been inaccurate. Because McLaren failed to give timely notice regarding those "Deliverables," its claims are barred by the plain language of the MCSA.

### 3. McLaren Did Not Suffer Any Cognizable Damages.

McLaren's opposition demonstrates the absurdity of its claims. McLaren *admits* that it paid Gartner $2.46 million (Opp. at 20 (PageID.201)) for work that yielded McLaren savings of $20-$25 million (Opp. at 19-20 (PageID.200-201)), translating to a *1,000%* return on investment.

Nevertheless, McLaren contends that it should be allowed to sue for $121 million—*i.e.* nearly 60 times what it paid to Gartner—even while *conceding* that Gartner had no role in reviewing or evaluating Atos's eleventh-hour proposal that is the driver of McLaren's claimed "damages." McLaren does so by alleging that Gartner's *earlier* calculations failed to account for McLaren's "contract management" fees (Opp. at 15-17 (PageID.196-198)), before McLaren *later* relied upon Gartner's calculation in opting to reject an *unexpected new* proposal from Atos, which allegedly *would have saved* McLaren tens of millions more. (Compl. ¶¶ 20-21 (PageID.4-5).) This is, at best, a theory of *consequential* damages—exactly the type of claim that the limitation of consequential damages disallows. (Mem. at 18-19 and cases cited therein (PageID.45-46).)

McLaren cites no case that allows a claim for breach of warranty to proceed where a party admits that it profited (here, by ten times what it paid in fees) but claims that it could have done even better but for an alleged mistake. (Mem. at 18-19 (PageID.45-46).) That is because no theory of damages recognized under the laws of Michigan—or anywhere else—permits such a claim.

5

### C. Count Three Does Not State a Valid Claim for Attorneys' Fees.

A claim for attorney's fees is ***not*** a separate, independent cause of action. (Mem. at 19 (PageID.46).) While fees belong as part of the requested relief (*see* Opp. at 20 (PageID.201), citing *In re Am. Cas. Co.*, 851 F.2d 794, 802 (6th Cir. 1988)), that is not the same as grounding the stand-alone count McLaren here attempts. *See Encore Big Beaver LLC v. Uncle Julio's of Florida, Inc.*, No. 20-CV-12345, 2021 WL 5413888, at *1, n.1 (E.D. Mich. Oct. 27, 2021).

## II. MCLAREN'S NON-CONTRACT CLAIMS ARE BARRED (COUNTS FOUR-SIX).

### A. Promissory Estoppel Cannot Lie Alongside A Valid Contract (Count Four).

"[T]he state of Michigan only recognizes claims for promissory estoppel if a written contract does not exist." *Botsford v. Bank of Am., N.A.*, No. 13-13379, 2014 WL 4897529, at *7 (E.D. Mich. Sept. 30, 2014). "[A]lternative pleading of an implied contract claim is ***only*** allowed in a contract setting where the party doubts the existence of a contract." *Advanced Plastics Corp. v. White Consolidated Indus., Inc.*, 828 F. Supp. 484, 491 (E.D. Mich. 1993) (emphasis added). Here, the parties agree that a ***valid contract exists***. Accordingly, promissory estoppel cannot be properly pleaded "in the alternative." *Id.* at 492; *see also RPM Freight Sys., LLC v. K1 Express, Inc.*, No. 21-11964, 2022 WL 125533, at *2 (E.D. Mich. Jan. 12, 2022); *IPS Contracting, Inc. v. Rivian Automotive, LLC*, No. 21-10983, 2021 WL 4942758, at *4 (E.D. Mich. Oct. 22, 2021).

### B. Negligent Performance of Contract Is Not Valid in Michigan (Count Five).

Without addressing Michigan law foreclosing any claim for negligent contractual performance, (Mem. at 21 (PageID.48)), McLaren repeats its "in the alternative" mantra. (Opp. at 21-22 (PageID.202-203).) But the same doomed legal theory is equally doomed in the alternative.

### C. McLaren Lacks a Valid Claim for Negligent Misrepresentation (Count Six).

McLaren ignores abundant authority demonstrating that a negligent misrepresentation claim must arise independent of contract. (Mem. at 22 (PageID.49).) McLaren also fails to grapple

6

with the Sixth Circuit's square holding that negligent misrepresentation claims must be pleaded with the specificity required by Fed.R.Civ.P. 9(b), *see Smith v. Bank of America Corp.*, 435 Fed. App'x 749, 752 (6th Cir. 2012), as courts have recognized for a decade post-dating the 20**11 *pre-* Smith** district court decision on which McLaren relies. (Opp. at 22-23 (PageID.203-204).) And while McLaren suggests it has satisfied Rule 9(b), the Complaint does not come close. *See United States ex rel. Roycroft v. Geo Group, Inc.*, 722 Fed. App'x 404, 406 (6th Cir. 2018).

Last, McLaren fails to allege any purported misstatement related to a past or present fact. (Mem. at 23 (PageID.50); Compl. ¶ 60 (PageID.10).) To elide this defect, McLaren attempts to recharacterize its pleading by arguing that Gartner purportedly misrepresented that "Atos was not providing IT services at a price that was consistent with the market." (Opp. at 24 (PageID.205).) But McLaren's own Complaint embraces the ***truth*** of Gartner's representation: indeed, McLaren admits that it saved at least $20-$25 million (Compl. ¶ 5 (PageID.2)), albeit while alleging that it could have saved ***even more upon renegotiating revised*** terms with Atos. (Compl. ¶ 6 (PageID.2).) In other words, it is common ground that ***in fact*** "Atos was not providing IT services at a price that was consistent with the market." Count Six should be dismissed. (Opp. at 24 (PageID.205).)

### III. MCLAREN CANNOT RECOVER MORE THAN THE FEES IT PAID.

Outside the narrow, inapplicable indemnity exception, McLaren cannot recover beyond "the fee paid." (Ex. A, MCSA § 10 (PageID.57).) Its prayer for relief should therefore be limited to $2.46 million if any claim survives. (Compl. ¶ 29 (PageID.6); Opp. at 20 (PageID.201).)

### CONCLUSION

McLaren's Complaint should be dismissed with prejudice, or, alternatively, its recovery on any surviving claims should be capped at the amount of the fees McLaren has paid to Gartner.

<table>
<tr><td>Dated: February 11, 2022</td><td>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>By: */s/Leonid Feller*<br><br>Leonid Feller, P.C. (P73639)<br>Bevin Brennan<br>191 N. Wacker Dr., Suite 2700<br>Chicago, Illinois 60606<br>Telephone: (312) 705-7400<br>leonidfeller@quinnemanuel.com<br>bevinbrennan@quinnemanuel.com<br><br>Derek L. Shaffer<br>1300 I Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: (202) 538-8000<br>derekshaffer@quinnemanuel.com<br><br>*Counsel for Defendant Gartner, Inc.*</td></tr>
</table>