# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____
MCLAREN HEALTH CARE )
CORPORATION, )
 )
      *Plaintiff*, )   Case No. 2:21-cv-12598-TGB-CI
 )
v. )   Hon. Terrence G. Berg
 )
GARTNER, INC., )
 )
      *Defendant*. )
_____)

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order:

    1.    **Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

    2.    **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

    a.    The named parties in this case, their attorneys, and their support staff (*e.g.*, copying and document management personnel).

    b.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A.

    c.    Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

    d.    This Court and its staff members.

3.    **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

4.    **Motion Practice** – This Order does not authorize the filing of any documents under seal. Local Rule 5.3 shall apply to the sealing of documents submitted as part of a motion or other court filing. Documents may be sealed only as authorized by statute, rule, or specific order of the Court. The Court notes that the standards under Rule 26 for entering a protective order to govern discovery differ from the more demanding standards for sealing off judicial records from public view. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). There is a "strong presumption in favor of openness" regarding court records. *Id.* at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.3d 1165, 1180 (6th Cir. 1983)).

5.    **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced under the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation.

6. **Challenging "Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

7. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

8. **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential.

9. **Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

**SO ORDERED**

Dated: November 4, 2022

/s/Terrence G. Berg
Honorable Terrence G. Berg
United States District Court Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____
MCLAREN HEALTH CARE            )
CORPORATION,                   )
                               )
      *Plaintiff*,              )    Case No. 2:21-cv-12598-TGB-CI
                               )
v.                             )    Hon. Terrence G. Berg
                               )
GARTNER, INC.,                 )
                               )
      *Defendant*.              )
_____)

## EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

2

5.  I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Dated: _____         _____
                                              [Signature]