UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MCLAREN HEALTH CARE CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**GARTNER, INC.,**<br><br>Defendant. | **2:21-CV-12598-TGB-CI**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING DEFENDANT'S REQUEST TO COMPEL PRODUCTION OF UNREDACTED DOCUMENT (ECF NO. 47)** |

Presently before the Court is Defendant/Counter Plaintiff Gartner, Inc.'s ("Gartner") request to compel Plaintiff/Counter Defendant McLaren Health Care Corporation ("McLaren") to produce an *unredacted* version of former McLaren Chief Information Officer Ron Strachan's 2021 performance review (the "Strachan Review"). ECF No. 47. For the following reasons, Gartner's request will be **DENIED**.

The work product doctrine "protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative." *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) (citing to Fed. R. Civ. Proc. 26(b)(3)).

McLaren contends the redacted portion of the Strachan Review constitutes work-product, while Gartner claims the Strachan Review was prepared in the ordinary course of business and recovered from Mr.

Strachan's personnel file. McLaren agrees that generally, employee reviews are documents that would be prepared irrespective of litigation. But McLaren contends that the redacted portion references the conclusions reached by a consultant retained by McLaren's counsel to assist in rendering legal advice regarding the potential litigation against Gartner. Affidavit of Heidi Bauders ("Bauders Aff."), ECF No. 49-1, PageID.858–59. Consequently, McLaren argues the redacted portion would not have been drafted in "substantially the same manner" but for the anticipated litigation. *See Roxworthy*, 457 F.3d at 598–99.

The Court has carefully reviewed the unredacted Strachan Review *in camera* as well as the affidavit of Heidi Bauder. Based on that review, it is clear that the redacted portion of the Strachan Review contains findings of facts and opinions rendered by a consultant hired in anticipation of the subject litigation. The review also contains the reviewer's opinions based on the consultant's findings. The consultant is not expected to testify. The Court concludes that but for the retention of the consultant in anticipation of litigation, the redacted portion containing the consultant's findings and opinions would not have been included in the report. That the consultant's findings and conclusions were later incorporated in a document prepared in the ordinary course of business does not alter the work-product nature of the consultant's report which was made in anticipation of litigation. *See, e.g., Carr v. C.R. Bard, Inc.*, 297 F.R.D. 328, 332 (N.D. Ohio Feb. 5, 2014) (citing to *Roxworthy*,

457 F.3d at 599) ("That the Lehmann Report was subsequently attached to the [Remedial Action Plan], or served as source material for Dr. Ciavarella's [Health Hazard Evaluation], does not alter the Lehmann Report's work product quality."); *In re Prof'ls Direct Ins. Co.*, 578 F. 3d 432, 439 (6th Cir. 2009) ("If a document is prepared in anticipation of litigation, the fact that it also serves an ordinary business purpose does not deprive it of protection.").

Thus, Gartner may not "discover" the consultant's findings and conclusions because the consultant "has been retained . . . by another party in anticipation of litigation" and "is not expected to be called as a witness at trial." *See* Bauders Aff., ECF No. 49-1, PageID.858–59; Fed. R. Civ. P. 26(b)(4)(D); *Zvolensky v. Ametek, Inc.*, 142 F.3d 438 (Table), 1998 WL 124047, at *2 (6th Cir. 1998) ("Generally, non-testifying experts are protected from discovery so as to allow a party to feel free to hire and consult with such experts without risking exposing certain information to the opposing party."). Gartner did not argue any exceptional circumstances warranting disclosure. The redaction was proper. Gartner's request to compel McLaren to produce an unredacted version of the Strachan Review is **DENIED**.

3

**SO ORDERED**.

Dated: March 6, 2025 /s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE